IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 SEP 19 PM 4:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>R & J Enterprises, d.b.a. International House of Pancakes, AJM Inc., d.b.a. International House of Pancakes, and Strategic Outsourcing, Inc.<br><br>    Defendants. | CIVIL ACTION #<br><br>CV-02-C-2314-S<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

1.       This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII) to correct unlawful employment practices on the basis of sex, and to make whole Quontae Bolton, Carolyn Burrell, Peggy Sherman, Enica Daniels and a class of women who were aggrieved by the unlawful practices. The Equal Employment Opportunity Commission alleges that the Defendants discriminated against these women by subjecting them to an environment charged with sexual harassment.

## JURISDICTION AND VENUE

2.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 703(a)(1), 706(f)(1)

and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3.  The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

4.  The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5.  At all relevant times, the Defendant, R & J Enterprises d.b.a. International House of Pancakes, has continuously been a corporation doing business in the State of Alabama, and has continuously had at least fifteen employees.

6.  At all relevant times, the Defendant, AJM, Inc., d.b.a. International House of Pancakes, has continuously been a corporation doing business in the State of Alabama, and has continuously had at least fifteen employees.

7.  At all relevant times, the Defendant, Strategic Outsourcing, Inc. has continuously been a corporation doing business in the State of Alabama, and has continuously had at least fifteen employees.

8.  At all relevant times, the Defendants, individually and collective, have continuously been and are now employers engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9.  At all relevant times, the Defendants, individually and collectively, have acted either as joint employers or as agents for one another in regard to the employment of a class of female workers who have been subjected to a sexually hostile work environment.

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, Quontae Bolton filed a charge with the Commission alleging violations of Title VII by the Defendants or their agents. The Commission issued a decision on May 31, 2001, in which it found reasonable cause to believe that Ms. Bolton and a class of similarly situated women had been discriminated against by Defendants through the creation and maintenance of a sexually hostile work environment.

11.     More than thirty days prior to the institution of this lawsuit, Carolyn Burrell filed a charge with the Commission alleging violations of Title VII by the Defendants or their agents. The Commission issued a decision on May 31, 2001, in which it found reasonable cause to believe that Ms. Burrell and a class of similarly situated women had been discriminated against by Defendants through the creation and maintenance of a sexually hostile work environment.

12.     More than thirty days prior to the institution of this lawsuit, Peggy Sherman filed a charge with the Commission alleging violations of Title VII by the Defendants or their agents. The Commission issued a decision on September 24, 2001, in which it found reasonable cause to believe that Ms. Sherman and a class of similarly situated women had been discriminated against by Defendants through the creation and maintenance of a sexually hostile work environment.

13.     More than thirty days prior to the institution of this lawsuit, Enica Daniels filed a charge with the Commission alleging violations of Title VII by the Defendants or their agents. The Commission issued a decision on September, 2001, in which it found reasonable cause to believe that Ms. Daniels and a class of similarly situated women had been discriminated against by Defendants through the creation and maintenance of a

sexually hostile work environment.

14.     The Defendant Employers, individually and collectively, engaged in unlawful employment practices at their work sites in Alabama in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), through the actions of one of their supervisors, Ken Horne. Starting in January of 2001, Mr. Horne sexually harassed Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels as well as other women by subjecting them to offensive sexual comments and inappropriate touching of their private body parts.

15.     Both Ms. Sherman and Ms. Burrell complained of this harassment to Joseph Matta, owner of R & J Enterprises, Inc. and AJM, Inc. and agent for Defendants. Despite being advised of the offensive conduct occurring within their work environment, Defendants took no action to stop or correct the situation.

16.     The Defendants failed to take prompt and effective action to prevent and to remedy the hostile and harassing environment created by Mr. Horne.

17.     The effect of the practices complained of above has been to deprive Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

18.     The unlawful employment practices complained of above were intentional.

19.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and female employees generally.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendants, their officers,

successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex.

  B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order the Defendant Employers to make whole Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and all other female employees adversely affected by the challenged practices by providing appropriate back pay, front pay, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendants to make whole Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and all other female employees adversely affected by the challenged practices by providing compensation for past and future pecuniary losses, in amounts to be determined at trial.

  E. Order Defendants to make whole Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and all other female employees adversely affected by the challenged practices by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay punitive damages to Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and all other female employees adversely affected by the challenged practices in an amount to be determined at trial for its malicious or reckless indifference to the federally protected rights of said employees.

  G. Award Ms. Bolton, Ms. Burrell, Ms. Sherman, Ms. Daniels and all other female employees adversely affected by the challenged practices reasonable attorney'

fees as appropriate.

    H.   Grant such further relief as the Court deems necessary and proper.

    I.   Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint involving intentional violations of Title VII.

Respectfully submitted,

NICK INZEO
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507


*/s/ Charles E. Guerrier*
Charles E. Guerrier
Regional Attorney


*/s/ Mildred Byrd*
MILDRED BYRD
Supervisory Trial Attorney


*/s/ Naomi Hilton Archer*
NAOMI HILTON ARCHER
Senior Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1130 22nd Street, South, Suite 2000
Birmingham, AL  35205
Telephone Number:  205/731-1381